**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**MILWAUKEE DIVISION**

| | |
|---|---|
| MANDY CERVENY, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br> vs.<br><br>WEBCOLLEX LLC d/b/a CKS FINANCIAL and VELOCITY INVESTMENTS LLC,<br><br>    Defendants. | Case No.: 17-cv-1486<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendants directed their collection efforts into the District.

## PARTIES

3. Plaintiff Mandy Cerveny is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her, a debt allegedly incurred for personal, family, or household purposes.

5. Plaintiff is a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from consumer transaction that included agreements to defer

payment, namely a consumer personal loan used only for personal, family, or household purposes.

6. Defendant Webcollex, LLC ("Webcollex") is a foreign limited liability company located at 505 Independence Parkway, Suite 300, Chesapeake, Virginia 23320. Its registered agent in Wisconsin is C T Corporation System, 301 S. Bedford St., Suite 1, Madison, Wisconsin 53703.

7. Webcollex does business under the fictitious or trade name "CKS Financial."

8. Webcollex is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Webcollex is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Webcollex is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

10. Defendant Velocity Investments, LLC ("Velocity") is a foreign limited liability company with its principal place of business located at 1800 Route 34 North, Suite 404A, Wall, New Jersey 07719 Its registered agent in Wisconsin is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

11. Velocity is a "debt collector" as defined by Wis. Stat. § 427.103(3), in that Velocity is directly engaged in the business of a collection agency, soliciting claims for collection and collecting such claims alleged to be owed or due a merchant by a customer.

12. Velocity is engaged in the business of a collection agency under Wisconsin law, in that it purchases and receives assignment of consumer debts that are in default at the time Velocity acquires them.

13. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, directly or indirectly, in debt collection, and includes any person who sells, or offers to sell, forms

2

represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added). On its face, Wis. Stat. § 427.103(3) applies to creditors collecting on their own behalf.

14. Wis. Stat § 427.103(2) states: "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."

15. Velocity is a "merchant" as defined in the WCA, as it has, or claims to have, taken assignment of Plaintiff's former "Avant, Inc." ("Avant") consumer loan account. Wis. Stat. § 421.301(25) ("The term [merchant] includes but is not limited to a seller, lessor, manufacturer, creditor, arranger of credit and any assignee of or successor to such person.")

16. The Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." *Hartman v. Meridian Fin. Servs.*, 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

17. The Wisconsin Department of Financial Institutions has likewise designated merchants and creditors as "Debt Collectors" under the WCA:

> Anyone attempting to collect a debt arising from a consumer credit transaction in Wisconsin, whether a merchant doing its own debt collecting or a third-party debt collector, must follow Wisconsin's debt collection law, Ch. 427, Wis. Stats. This is an important point because many merchants collecting debt owed directly to them mistakenly believe that they are exempt from Wisconsin's debt collection law because they are not included within the definition of "debt collector" under the federal Fair Debt Collection Practices Act.

https://www.wdfi.org/wca/business_guidance/creditors/debt_collection/.

18. Velocity is a debt collector as defined in Wis. Stat. § 427.103(3)

3

Case 2:17-cv-01486-WED    Filed 10/27/17    Page 3 of 15    Document 1

## FACTS

### *Velocity Letter*

19. On or about June 7, 2017, Velocity mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "Velocity Investments, LLC." A copy of this letter is attached to this complaint as Exhibit A.

20. Upon information and belief, the alleged debt referenced in Exhibit A is a consumer personal loan incurred for personal, family, or household purposes.

21. Upon information and belief and according to Exhibit A, the alleged debt referenced in Exhibit A was formerly owed to "Avant, Inc." ("Avant").

22. Plaintiff's Avant loan was a consumer credit transaction in that it is a consumer transaction between a merchant (Avant) and a customer (Plaintiff), in which money was acquired on credit, and the obligation was both payable in installments and finance charges were imposed.

23. The debt at issue in this action was incurred for personal, family or household purposes, specifically, an alleged personal loan used for paying bills and other household expenses.

24. Avant is a lender, offering personal loans to consumers, and operating primarily if not exclusively online. *See* https://en.wikipedia.org/wiki/Avant_(company).

25. Avant offers "personal loans … [that] amortize over time with simple, equal monthly payments." http://support.avant.com/article/10-loan-products.

26. In Wisconsin, Avant offers personal loans with terms ranging from 24 to 60 months and with APRs ranging from 9.95% to 35.99%. https://www.avant.com/rates_terms. While those rates may change from time to time, Avant loans are both payable in installments and impose a finance charge.

27. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

28. Upon information and belief, Exhibit A is a form debt collection letter used by Velocity to attempt to collect alleged debts.

29. Exhibit A states the following:

> Wisconsin: This collection agency is licensed by the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707.

Exhibit A.

30. The above language on a collection letter is a representation that the debt collector holds a Wisconsin Collection Agency License, pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code § DFI-Bkg. 74.

31. Velocity does not, in fact, hold a Wisconsin Collection Agency License.

32. Velocity is not licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency.

33. Velocity was not licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency at the time Exhibit A was sent to Plaintiff.

34. Velocity is not listed on the Division of Banking's website that lists all collection agencies that currently hold a Wisconsin collection agency license. http://www.wdfi.org/fi/lfs/licensee_lists/Default.asp?Browse=CA (visited October 25, 2017).

35. A false statement about a debt collector's licensing status is a material false statement. "It suggests that [the debt collector] has been approved by the state, thereby enhancing in the mind of the unsophisticated consumer [the debt collector's] legitimacy and power to collect the debt." *Radaj v. ARS Nat. Services, Inc.*, No. 05 C 773, 2006 U.S. Dist. LEXIS 68883 at *10; 2006 WL 2620394 at *3 (E.D. Wis. Sep. 12, 2006); *Seeger v. Aid Assocs.*, 2007 U.S.

Dist. LEXIS 22824 at *13, 2007 WL 1029528 (E.D. Wis. Mar. 29, 2007) ("this court believes that the false statement used by Plaza that it was licensed by the state of Wisconsin, is precisely the kind of misrepresentation that Congress sought to prohibit when it passed the FDCPA.").

### *Webcollex Letter*

36. On or about August 17, 2017, Webcollex mailed Plaintiff a debt collection letter to Plaintiff regarding an alleged debt. A copy of this letter is attached to this complaint as Exhibit B.

37. Upon information and belief, the alleged debt referenced in Exhibit B is a personal consumer loan incurred for personal, family, or household purposes.

38. Upon information and belief, the alleged debt referenced in Exhibit B is the same loan account as referenced in Exhibit A.

39. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

40. Upon information and belief, Exhibit B is a form debt collection letter used by Webcollex to attempt to collect alleged debts.

41. Upon information and belief, Exhibit B is the first written communication that Plaintiff received from Webcollex.

42. Exhibit B contains the statutory validation notice, which the FDCPA, 15 U.S.C. § 1692g, requires debt collectors to send to consumers within five days of the initial communication:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Exhibit B.

6

43.     Exhibit B contains the following:

> Creditor: AVANT
> Account ID: ▓5676
> Balance: $6,463.66

Exhibit B.

44.     Exhibit B also contains the following:

> This letter serves as notification to inform you that Velocity Investments LLC purchased your AVANT account, and has been placed with this office.

Exhibit B.

45.     Exhibit B is false, misleading and confusing. It identifies two different entities as the creditor to whom the debt is owed.

46.     Exhibit B states both that the creditor is "Avant," but also purports "to inform you that Velocity Investments, LLC purchased your Avant account." Exhibit B.

47.     Webcollex's reference in Exhibit B to Avant being the "CREDITOR" is false and misleading to the unsophisticated consumer.

48.     Whether a debt has been sold is a material aspect of the character and legal status of the debt. *See* 15 U.S.C. § 1692e(2)(a). Third party purchasers of unsecured debt generally pay pennies on the dollar and are likely be willing to settle those debts for less than the original creditor.

49.     Because debt buyers may be willing to settle their debts for less than an original creditor would, failing to disclose that a debt has been sold is an unconscionable means of extracting value from the debt.

50.     Moreover, the unsophisticated consumer could not determine whether Velocity has actually purchased Plaintiff's Avant account or is simply collecting on the account as a third party debt collector and subcontracting some of its duties to Webcollex.

7

51. The misrepresentation that Avant is still the creditor creates the risk that the consumer will pay the wrong entity. Certainly, the consumer would be more familiar with Avant, a lender with whom the consumer has previously done business, than with either Velocity or Webcollex.

52. If a consumer sent a check to Avant, the payment may not satisfy the alleged debt owed to the correct creditor, Velocity, who would be within its rights to continue collection efforts or even file a lawsuit to collect the debt.

53. Furthermore, the consumer may be barred from recovering a payment to the incorrect party by the voluntary payment doctrine. Even if the voluntary payment doctrine does not apply or would not be enforced, the logistical challenge of obtaining a refund would discourage consumers from attempting to recover their erroneous payment.

54. Plaintiff was confused by Exhibits A and B.

55. Plaintiff had to spend time and money investigating Exhibits A and B, and the consequences of any potential responses to Exhibits A and B.

56. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibits A and B.

**The FDCPA**

57. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information

concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

58. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State

action to protect consumers against debt collection abuses"). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

59. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

60. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt.

61. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

62. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

63. 15 U.S.C. § 1692g states:

a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(2) the name of the creditor to whom the debt is owed;

64. The Seventh Circuit has held that a debt collector must state the required disclosures in a non-confusing manner. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000):

65. While *Miller* addressed a debt collector's obligation to provide the amount of the debt under 15 U.S.C. § 1692g(a)(1), the Seventh Circuit has held that the standards for claims

10

under § 1692e and § 1692g are the same. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006).

> We cannot accept the district court's view that claims brought under § 1692e or § 1692f are different from claims brought under § 1692g for purposes of Rule 12(b)(6) analysis. Whether or not a letter is 'false, deceptive, or misleading' (in violation of § 1692e) or 'unfair or unconscionable' (in violation of § 1692f) are inquiries similar to whether a letter is confusing in violation of § 1692g. After all, as our cases reflect, the inquiry under §§ 1692e, 1692g and 1692f is basically the same: it requires a fact-bound determination of how an unsophisticated consumer would perceive the letter.")

### The WCA

66. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

67. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.,* 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

68. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

69. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

70. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

71. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

72. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

73. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

74. Wis. Stat. § 427.104(1)(k) states that a debt collector may not "use a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, government agency or attorney-at-law when it is not."

12

Case 2:17-cv-01486-WED    Filed 10/27/17    Page 12 of 15    Document 1

## COUNT I – FDCPA

75. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

76. Plaintiff brings this count against Defendant Webcollex.

77. The statement in Exhibit B that the creditor of the debt is Avant is a false, deceptive, and misleading statement that would deceive, mislead, and confuse the unsophisticated consumer as to whom the debt was owed and whether the debt had been sold.

78. Exhibit B fails to state the name of the creditor to whom the debt is owed in a non-confusing manner.

79. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692g(a)(2).

## COUNT II – WCA

80. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

81. Plaintiff brings this count against Defendant Velocity.

82. Exhibit A states that Velocity "is licensed by the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707."

83. In fact, Velocity is not a licensed debt collector in the State of Wisconsin.

84. Defendant violated Wis. Stat. § 427.104(1)(k).

## CLASS ALLEGATIONS

85. Plaintiff brings this action on behalf of two Classes.

86. Class I consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Webcollex, (c) in the form of Exhibit B, (d) seeking to collect a debt

13

for personal, family, or household purposes, (e) that was owed to Velocity, (f) between October 27, 2016 and October 27, 2017, inclusive, (g) that was not returned by the postal service.

87. Class II consists of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Velocity, (c) in the form of <u>Exhibit A</u>, (d) seeking to collect a debt for personal, family, or household purposes, (e) between October 27, 2015 and October 27, 2017, inclusive, (f) that was not returned by the postal service.

88. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of each Class.

89. There are questions of law and fact common to the members of each class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are whether <u>Exhibits A and B</u> violate the FDCPA and WCA.

90. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

91. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

92. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## **JURY DEMAND**

93. Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendants for:

a) actual damages;

b) statutory damages;

c) attorneys' fees, litigation expenses and costs of suit; and

d) such other or further relief as the Court deems proper.

Dated: October 27, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

15